**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SABERT CORPORATION,

           Plaintiff,

           v.

PWP INDUSTRIES, INC., et al.,

           Defendants.

Civil Action No. 14-6500 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

On October 21, 2014, Sabert Corporation ("Sabert" or "Plaintiff") filed a complaint against PWP Industries, Inc. ("PWP") alleging infringement of its United States Patent No. 8,672,166 (the "'166 Patent"), issued on March 18, 2014. (ECF No. 1.) On October 28, 2014, Sabert amended its complaint to include PWP's corporate parent, Pactiv LLC ("Pactiv"). (ECF No. 5.) This matter comes before the Court on the motion of Defendants PWP and Pactiv (together, "Defendants") to dismiss Sabert's First Amended Complaint pursuant to Federal Rules of Civil Procedure 10(b) and 12(b)(6). (ECF No. 12.) Sabert opposes the motion and has filed a cross-motion to amend its First Amended Complaint to correctly name Pactiv Packaging Inc. ("Pactiv Packaging"), the corporate successor to PWP, as a defendant. (ECF No. 19.) Defendants filed opposition and replied (ECF No. 29), and Plaintiff replied (ECF No. 30).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For

---

[1] Defendants have also submitted a proposed sur-reply (ECF No. 32), however, because the Court has already considered all arguments raised, the request for a sur-reply is denied as moot.

the reasons set forth below, the Court grants in part and denies in part Defendants' motion to dismiss the First Amended Complaint and grants Plaintiff's motion to amend.

## I.    Defendants' Rule 12(b)(6) Motion and Plaintiff's Motion to Amend

Defendants assert that Sabert's First Amended Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because it alleges patent infringement on the part of PWP even though PWP changed its name to Pactiv Packaging in 2012,[2] before the '166 Patent was issued. (Defs.' Opp'n & Reply Br. 4-6, ECF No. 29.) Defendants concede that Pactiv Packaging may indeed be liable for PWP's liabilities (*id.* at 4), and Sabert has moved to amend its First Amended Complaint to include Pactiv Packaging as a defendant in lieu of PWP. Defendants further argue in opposition, however, that amendment of the complaint would be futile because the '166 Patent is invalid "on its face" for failure to satisfy the written description requirement of 35 U.S.C. § 112. (*Id.* at 11.)[3]

### A.    Legal Standards

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or with written consent from the opposing party, but 'leave shall be freely given when justice so requires.'" *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ. P. 15(a)). When a complaint is subject to a Rule 12(b)(6) dismissal, amendment should be permitted unless it is prejudicial or futile. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 245 (3d Cir.

---

[2] Defendants submitted as exhibits copies of the certificates of amendment filed with the Delaware Secretary of State. (Defs.' Mot. Dismiss, Ex. D, ECF No. 12-6.)

[3] Even though a party generally may not raise a new argument for the first time in a reply brief, the trial court has discretion to consider new arguments. *See Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 527 n.11 (D.N.J. 2008); *see also Mercury Indem. Co. of Am. v. Viereck*, No. 09-5302, 2010 WL 1981788, at *2 (D.N.J. May 17, 2010). Because Sabert has had the opportunity to respond to the invalidity argument in its reply brief, the Court will consider the argument as timely opposition to Sabert's cross-motion to amend.

2008). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115. The futility of an amendment is assessed under the same standard as Rule 12(b)(6); therefore, a plaintiff must be allowed to amend a complaint subject to such a dismissal "unless the amendment would not cure the deficiency." *Id.*

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When considering the plausibility of the allegations in a complaint, a district court should not "base its assessment of the 'reasonableness' of a given inference of infringement on a narrow construction of the patent's claims . . . [The court] afford[s] the claims their broadest possible construction at this stage of the proceedings." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012). "It is well established that a patent is presumed valid, and 'the burden of persuasion to the contrary is and remains on the party asserting invalidity.'" *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1303 (Fed. Cir. 2008) (quoting *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1573 (Fed. Cir. 1985)).

**B.    Analysis**

The parties agree that Pactiv Packaging is the correct party to the dispute, and Sabert's proposed amendment would cure any deficiencies with regard to the naming of the parties. Defendants also argue, however, that Plaintiff's motion is futile because claim two of the '166 Patent (the disputed claim) is invalid. Specifically, Defendants argue that the claim includes a

3

negative limitation not supported by the specification and thus violates the written description requirement. (Defs.' Opp'n & Reply Br. 13-15.) Because "determining whether a patent complies with the written description requirement will necessarily vary depending on the context," the sufficiency of the written description is a question of fact. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010). The party asserting invalidity must present "clear and convincing evidence that persons skilled in the art would not recognize in the disclosure a description of the claimed invention." *Bos. Scientific Corp. v. Johnson & Johnson Inc.*, 679 F. Supp. 2d 539, 553 (D. Del. 2010), *aff'd sub nom. Bos. Scientific Corp. v. Johnson & Johnson*, 647 F.3d 1353 (Fed. Cir. 2011). "The question of what limitations are, or are not, included in the claim terms is, among other things, inherently tied up with the process of claim construction." *Sandborn v. Avid Tech., Inc.*, No. 11-11472, 2013 WL 4784265, at *6 (D. Mass. Sept. 5, 2013). While there is no hard and fast requirement that claim construction occur before judgment on the pleadings, district courts have traditionally been hesitant to construe patent claims on a motion to dismiss. *Data Distrib. Techs., LLC v. BRER Affiliates, Inc.*, No. 12-4878, 2014 WL 4162765, at *6-8 (D.N.J. Aug. 19, 2014); *see also Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 670-71 (D. Del. 2010) (denying motion to dismiss before *Markman* hearing). This is particularly true where, as is the case in this district, there are local procedures for engaging in the process of claim construction. *Deston Therapeutics*, 723 F. Supp. 2d at 670-71.

Here, there is a factual dispute whether a person skilled in the art would recognize that the written description necessarily discloses the negative limitation in claim two and neither side has yet had the opportunity to present evidence to that effect. The Court will refrain from engaging in further factual inquiries at this stage and will therefore permit Sabert to amend its First Amended Complaint.

4

## II.    Defendants' Rule 10(b) Motion

Sabert's First Amended Complaint contains a single count, alleging that "PWP and/or Pactiv have made, used, offered for sale and/or sold, and/or imported into the United States, and continue to make, use, offer for sale and/or sell in New Jersey and elsewhere in the United States . . . food containers that infringe Sabert's '166 Patent."[4] (First Am. Compl. ¶ 15.) Defendants argue that, because Sabert used "and/or" to describe Defendants' alleged actions and grouped both Defendants in a single count, "it is impossible to tell who is accused of what" and such phrasing is a violation of Rule 10(b). (Defs.' Opp'n & Reply Br. 6.)

Where a plaintiff's claims arise out of a single cause of action, there is no need to plead the charges in separate counts. *Denny v. Carey*, 72 F.R.D. 574, 580-81 (E.D. Pa. 1976). "The fact that [a] plaintiff may assert violation[s] of more than one section of the [statute] does not mean that there must be more than one cause of action with a separate count for each alleged violation." *Id.* at 581. A plaintiff must plead the liability of each defendant in separate counts "only to the extent that a [d]efendant's liability arises out of a separate transaction or occurrence." *Folkman v. Roster Fin. LLC*, No. 05-2099, 2005 WL 2000169, at *4 (D.N.J. Aug. 16, 2005). Asserting a claim against several defendants in a single count does not violate Rule 10(b) if the liability of all defendants arises from the same transaction or occurrence. *Id.*

Here, Sabert maintains that it is making only one claim of direct infringement against both Defendants. (Pl.'s Opp'n Br. 8, ECF No. 18.) The First Amended Complaint, on its face, contains

---

[4] Sabert's proposed second amended complaint is essentially identical to the first, aside from corrections to the party names and addresses. (See Decl. of Lisa Ferrari, Ex. D, ECF No. 18-1.)

sufficient information to put Defendants on notice of the allegations against them.[5] The Local

Patent Rules provide both parties with further opportunities to elucidate their theories of the case

at the next stage of the proceedings. *See* L. Pat. R. 3.1-3.4A. Therefore, Sabert's First Amended

Complaint does not violate Rule 10(b).

### III.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss the First Amended Complaint is

granted with respect to PWP. Plaintiff's motion to amend is granted, and Plaintiff has thirty days

to file its second amended complaint. An appropriate order accompanies this Memorandum

Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 19th, 2015

---

[5] The Court also notes that Sabert's First Amended Complaint also meets the requirements of Form 18. Fed. R. Civ. P. Form 18. It includes "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patents-in-suit with the corresponding number and date of issuance; (3) identification of the accused product; and (4) demand for relief." *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 562-63 (D. Del. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). The Federal Circuit has ruled that complaints alleging direct infringement should be evaluated in relation to Form 18 and that the use of the form "effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1279, 1283 (Fed. Cir. 2013), *cert. denied sub nom. DIRECTV v. K-Tech Telecomm., Inc.*, 134 S. Ct. 1026 (2014).